THIS was an appeal from the register of wills in and for New Castle County, in the matter of the will of the late Martha Myers, deceased, a married woman and the wife of said Henry Myers when it was made and executed. After her death it had been formally propounded by him for probate before the register and disallowed by him, and from that decision this appeal was taken.
The facts proved were as before stated, and that on the 9th day of July, 1874, she was over the age of twenty-one years when she made it and signed and sealed it in the presence of two subscribing witnesses who signed it as such in her presence and in the presence of her husband, Henry Myers, who also signed his name and set his seal to it on the left side and upon the same line at the foot of it, with the signature and seal of his wife; and which signatures and seals were immediately followed by the usual and concluding clause, as follows: Signed, sealed, published and declared by the above-named Martha Myers as and for her last will and testament, in the presence of us who have hereunto subscribed our names at her request as witnesses thereto, in the presence of the said testatrix, and of each other, and which was with their respective signatures. By it she devised all her estate, real and personal, to her husband, Henry Myers. The testimony of both of them taken before the register and reduced to writing and sent up with the record on the appeal, stated among other things, one of them, that he believed the signature of Henry Myers was made to the will at the same time Martha Myers signed it, that the will was read over and the contents of it were made known to both of them before they signed it, and that Henry Myers signed his name and set his seal to it in token of his assent thereto. That they were both present in his office *Page 343 
when the will was written, and that there was the most perfect concord between them, and that he witnessed his as well as her signature to it, and he believed they both signed it in the presence of the other testamentary witness, whose testimony was that to the best of his knowledge and belief the name of Mr. Myers was put there at the time in token of his approval, although he could not say positively. Mr. Hagany, the other testamentary witness, called him into his office, as he thought, to witness two wills; his impression was that it was said that each of them was making a will in favor of the other; the parties all seemed in good humor, but he did not remember any particular conversation, but his recollection was he did consent, and to the best of his recollection he signed the will as a witness after they had both signed it.
The Court held the proof to be insufficient that the paper writing in question had been made as the will of the wife with the consent of the husband in writing in the presence of two witnesses, as was then required by the statute.
The decision of the register affirmed.